# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| STEPHEN J. LOBIN § | |
| § | |
| V. § | CASE NO. 4:06cv386 |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. § 1382c(a)(3)(A). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be AFFIRMED.

## HISTORY OF THE CASE

Plaintiff protectively filed for DIB on June 17, 2003, alleging disability due to a leg injury since September 21, 2002. 42 U.S.C. § 423(d)(1)(A). Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) on November 14, 2005. Plaintiff was represented by counsel at the proceeding. On February 24, 2006, the ALJ rendered a decision that Plaintiff was not disabled because he retained the residual functional capacity to perform less than a full range of light work.

After a timely filed appeal, the Appeals Council concluded that no basis existed for review of the ALJ's decision. Therefore, the February 24, 2006, decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20

C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through June 30, 2005.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's status post left knee injury and surgical repairs, and a history of multiple renal calculi, are considered "severe" based on the requirements in the Regulations. 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds that the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: perform a reduced range of light work. The claimant can lift ten pounds frequently and twenty pounds on an occasional basis. He is able to sit for eight hours, and stand and walk combined for two hours, in an eight-hour work day. Mr. Lobin cannot climb, balance or crawl and can occasionally use ramps, stoop, kneel and crouch. He must avoid vibrations, the use of foot pedals and uneven terrain.

7. The claimant is unable to perform any of his past relevant work. 20 C.F.R. § 404.1565.

8. The claimant is a "younger individual between the ages of 18 and 44." 20 C.F.R. § 404.1563.

9. The claimant has a "high school (or high school equivalent) education." 20 C.F.R. §§ 404.1564.

10. The claimant has transferable skills from skilled work previously performed as described in the body of the decision. 20 C.F.R. § 404.1568.

11. The claimant has the residual functional capacity to perform a significant range of light work. 20 C.F.R. § 404.1567.

12. Although the claimant's exertional limitations do not allow him to perform the full range of light work, using Medical-Vocational Rule 201.28 as a framework for decision-making, there are a significant number of jobs in the national economy that he could perform.

13. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision. 20 C.F.R. § 404.1520(g). (TR 26-27).

## **STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of

a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## **SEQUENTIAL EVALUATION PROCESS**

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a). In this case, the determination was made at the fifth step concerning whether Plaintiff demonstrated impairments which prevented him from performing a significant number of light jobs in the economy. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national

economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

## ANALYSIS

Lobin, a former police officer and part-time "Elvis impersonator," contends that the ALJ's decision is not supported by substantial evidence. Lobin first contends that the treating physician's opinions on Lobin's left knee and functional limitations were not properly weighed. Lobin faults the ALJ for his failure to recognize the limitations imposed by Dr. Franz. Franz, in an unsigned medical note, found that Lobin had moderate severe laxity in the knee. The ALJ, however, only cited mild laxity. The ALJ rejected a listing finding because there were no findings demonstrated on medically acceptable imaging of the joint space narrowing, bony destruction or ankylosis of the affected joint(s).

The ALJ also noted Lobin's full range of motion and good alignment with his ACL reconstruction surgery. He also cites two treating physicians who note Lobin is not disabled as a result of his knee. It is the duty of the ALJ to resolve differences of medical opinions between treating doctors. The Court will not and should not substitute its own judgment under its limited standard of review. *Newton v. Apfel,* 209 F.3d 448 (5th Cir. 2000. The Court expressly disagrees that the ALJ was merely selective in the evidence reviewed.

Lobin also contends that several findings were not addressed by the ALJ which support his claim of disability. The record is over 1000 pages. The Court finds that the ALJ did a thorough analysis of the record and cited the reasons for his decision.

As a fact finder, the ALJ has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record. *Bradley v. Bowen,* 809 F.2d 1054, 1057 (5th Cir. 1987). The ALJ's failure to mention a particular piece of evidence does

not necessarily mean that he failed to consider it. *Hammond v. Barnhart,* 124 Fed. Appx. 847 (5th Cir. 2005).

Lobin also argues that the ALJ failed to adequately assess Franz's opinion. Lobin believes that Franz's records, as well as his conclusions, indicate that Lobin was entitled to a step-three disability finding. The ALJ gave his reasons for not fully crediting Franz's opinion. There is no requirement that an ALJ apply the six SSA treating physician factors as long as there is an opinion of another examining physician providing a basis for a contrary opinion. *See Apfel,* 209 F.3d 458. As a general proposition, the ALJ must give a treating physician's opinion "controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence.'" *Martinez v. Chater,* 64 F.3d 172, 176 (5th Cir. 1995) (quoting 20 C.F.R. § 404.1527(d)(2) (alteration in original)). Furthermore, a specialist's opinion is afforded greater weight than a generalist's. *See Paul v. Shalala,* 29 F.3d 208, 211 (5th Cir. 1994), *overruled on other grounds by Sims v. Apfel,* 530 U.S. 103, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000). But, a treating physician's opinion may be given little or no weight "when the evidence supports a contrary conclusion." *Newton,* 209 F.3d at 455 (internal quotation marks omitted).

The ALJ must "always give good reasons ... for the weight [it affords the opinion]," 20 C.F.R. § 404.1527(d)(2), and must show good cause when giving that opinion little or no weight, *Newton,* 209 F.3d at 455. Here, the ALJ did so. This is not a case where the ALJ relied on opinions of non-examining doctors, but rather on doctors who had also treated Lobin. The credibility call was for that of the ALJ, not the Court.

Finally, Lobin argues that the ALJ erred in improperly incorporating Lobin's ambulatory limitations into the RFC. The gist of the complaint is that the ALJ recognized Lobin's limitation

6

as to walking on uneven surfaces and negotiating stairs in his hypothetical to the VE, but failed to mention stairs in his RFC.  The VE testified that there were jobs in the economy Lobin could perform based on the hypothetical given by the ALJ.  The Court finds no harmful error in the ALJ's failing to mention stairs when the VE testified that the jobs available could be performed with the prohibition of no stair climbing.  Any error can best be described as *non tractatus magnus.*[1]

## RECOMMENDATION

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be Affirmed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days shall bar an aggrieved party from attacking the factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 2nd day of March, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[1] Or, loosely translated as, "no big deal."